United States District Court
For the Northern District of California

***E-FILED ON 5/12/05***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

LISA BORGES, ASHLEY MILLER, JEANETTE MILLER, STEPHANIE BELTRAN, JERRISUE WASSON, CHRISTINA CASTILLO, RONALD MILLER, as guardian ad litem for AUBREY MILLER, and YOLANDA MEZA,

Plaintiffs,

v.

CITY OF HOLLISTER, ROBERT ORNELAS and DOES 1 through 10, inclusive,

Defendants.

_______________________________________/

No. C03-05670 HRL

**ORDER DENYING DEFENDANTS' MOTION FOR ENTRY OF JUDGMENT UNDER FED.R.CIV.P. 54(b)**

**[Re: Docket No. 120]**

On May 10, 2005, this court heard defendants' motion for entry of final judgment as to certain plaintiffs. Plaintiffs opposed the motion. Based upon the papers filed by the parties, as well as the arguments of counsel, the court issues the following order.

## I. BACKGROUND

This is a sex harassment case. Plaintiffs filed this suit on November 17, 2003 in state court for (1) sexual harassment under the California Fair Employment and Housing Act ("FEHA") (Gov. Code § 12940, *et seq.*) and (2) violation of their equal protection rights under 42 U.S.C. § 1983. Defendants subsequently removed the matter to this court, asserting federal question jurisdiction. On January 23, 2004, plaintiffs filed an amended complaint.

On April 19, 2004, this court granted defendants' motion to dismiss the claims of Ronald Miller, but gave him ten days leave to amend his complaint. He never did so.

On July 6, 2004, with leave of the court, the remaining plaintiffs filed a Second Amended Complaint ("SAC") adding Yolanda Meza as an additional plaintiff.

On March 14, 2005, this court granted defendants' summary judgment motion as to all claims asserted by plaintiffs Yolanda Meza, Ashley Miller, Aubrey Miller and Christina Castillo.[1]

Pursuant to Fed.R.Civ.P. 54(b), defendants now move for entry of final judgment only as to Christina Castillo, Ronald Miller, Yolanda Meza, Ashley Miller and Aubrey Miller.

## II. LEGAL STANDARD

In actions involving multiple claims or parties, Federal Rule of Civil Procedure 54(b) authorizes a district court to "direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." The determination as to when a final decision is ready for appeal rests within the discretion of the district court. *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 8 (1980). "This discretion is to be exercised 'in the interest of sound judicial administration.'" *Id.* (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 437 (1956)).

## III. DISCUSSION

The United States Supreme Court has outlined a two-step analysis to be conducted in deciding Fed.R.Civ.P. 54(b) motions. First, this court must "determine that it is dealing with a 'final judgment,'" i.e., "a decision upon a cognizable claim for relief" that is "'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Curtiss-Wright Corp.*, 446 U.S. at 8 (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)). Second, this court must determine whether there is any just reason for delay in entering judgment. *Id.* In deciding whether there are just reasons for delay, a district court "must take into account judicial administrative interests as well as the equities involved," and may consider "such factors as whether the claims under

---

[1] Defendants' summary judgment motion was granted in part and denied in part as to the claims of the remaining plaintiffs: Stephanie Beltran, Lisa Borges, Jeannette Miller and Jerrisue Wasson.

review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id.*

In this case, there is no dispute that this court has made a final decision on the claims of Ronald Miller, Christina Castillo, Ashley Miller, Aubrey Miller and Yolanda Meza. As noted above, Mr. Miller's claims for sex harassment and for violation of his civil rights were dismissed, and he did not avail himself of the opportunity to amend his complaint by the court-ordered deadline. Moreover, the court has granted defendants' summary judgment motion as to all claims asserted by Christina Castillo, Ashley Miller, Aubrey Miller and Yolanda Meza.

Nonetheless, taking into account judicial administrative interests, as well as the equities involved, this court is unpersuaded that the second part of the Supreme Court's test for the entry of Fed.R.Civ.P. 54(b) judgment is satisfied. Defendants contend that entry of partial judgment is necessary to streamline the trial – that is, to reduce the number of plaintiffs from nine to four. This argument fails to convince. The court has already determined that the claims of the five plaintiffs in question are not sufficient to proceed to trial. Entering a final judgment now as to them "streamlines" nothing. Moreover, if partial judgment is not entered now, there is no indication that defendant Ornelas will be prejudiced in his apparent plans to file a lawsuit for malicious prosecution. Only the timing of such a suit would be delayed.

At the hearing, defense counsel stated that the "real" reason defendants want a partial judgment is so that Mr. Ornelas can enjoy some "closure" as to the claims asserted by these plaintiffs. The court recognizes that the entry of partial judgment might afford him some measure of peace. Nonetheless, defendant Ornelas is still facing a trial – set to begin in a little more than three months – as to the remaining four plaintiffs. This court is not convinced that whatever closure he might gain from a partial judgment now outweighs the potential detriment to efficient judicial administration with respect the trial of the remaining claims and any later appeal.

The Ninth Circuit does not require "that claims covered by a Rule 54(b) judgment be separate from and independent of other claims raised in a complaint." *White Mountain Apache Tribe v. Hodel*, 784 F.2d 921, 923-24 (9th Cir. 1986). Here, it is true that the five plaintiffs at issue are not

United States District Court
For the Northern District of California

identified or referenced in the claims of the remaining plaintiffs. It is also true that summary judgment as to Yolanda Meza, Ashley Miller and Aubrey Miller was granted upon the issue of their legal standing to file this lawsuit.

Nevertheless, each plaintiff has alleged similar acts of sex harassment by the same defendant and seeks relief based upon the same laws. As such, the court is not convinced that entering judgment against some plaintiffs now would spare an appellate court from duplicating its efforts if there were an appeal now and another one following the upcoming trial. Moreover, entering partial judgment now could result in a dispute over costs bills, which might detract from the parties' efforts to prepare for the trial.

**IV. ORDER**

Based on the foregoing, defendants' motion for entry of judgment pursuant to Fed.R.Civ.P. 54(b) is DENIED.

Dated: May 12, 2005

/s/ Howard R. Lloyd
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

United States District Court
For the Northern District of California

03-cv-5670 Notice will be electronically mailed to:

Susan K. Blitch sblitch@hurleylaw.com

Vincent P. Hurley vhurley@hurleylaw.com, gforese@hurleylaw.com

William L Marder bill@paxton-obrien.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.