**\*E-FILED ON 8/24/05\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LISA BORGES, ASHLEY MILLER, JEANETTE MILLER, STEPHANIE BELTRAN, JERRISUE WASSON, CHRISTINA CASTILLO, RONALD MILLER, as guardian ad litem for AUBREY MILLER, and YOLANDA MEZA,<br><br>Plaintiffs,<br>v.<br><br>CITY OF HOLLISTER, ROBERT ORNELAS and DOES 1 through 10, inclusive,<br><br>Defendants. | No. C03-05670 HRL<br><br>**ORDER RE MOTIONS IN LIMINE**<br><br>**[Re: Docket Nos. 133-143, 146]** |

On August 23, 2005, the parties appeared for a pre-trial conference during which they argued their respective motions in limine. Upon consideration of the moving and responding papers, as well as the arguments of counsel, the court issues the following order.

    1.    The following motions are GRANTED as UNOPPOSED:

        a.    Plaintiffs' Motion to Exclude After-Acquired Evidence of Plaintiffs' Wrongdoing Except for Damages;

        b.    Plaintiffs' Motion to Exclude Expert Testimony of Dr. Berg;

        c.    Plaintiffs' Motion to Exclude the Expert Testimony of Sean Espley;

        d.    Plaintiffs' Motion to Exclude Evidence of DFEH Administrative Determination;

        e.    Plaintiffs' Motion to Exclude Evidence Concerning Plaintiffs' Sexual Behavior Outside the Workplace;

|   |   |   |
|---|---|---|
| | f. | Defendants' Motion in Limine No. 1 to Exclude Evidence or Testimony Concerning Newspaper Articles Related to Robert Ornelas, or any of the Allegations Made by Plaintiffs in this Case; |
| | g. | Defendants' Motion in Limine No. 4 to Exclude Testimony Regarding Former Plaintiff Christina Castillo; |
| | h. | Defendants' Motion in Limine No. 9 to Exclude Testimony Regarding Alleged Extramarital Affairs of Defendant Robert Ornelas; |
| | i. | Defendants' Motion in Limine No. 10 to Prohibit Testimony Regarding the Toy Bear; and |
| | j. | Defendants' Motion in Limine No. 11 to Exclude Testimony Regarding Music in the Office. |

2.   Plaintiffs' Motion to Exclude Evidence of Alleged Financial Impropriety by Ronald Miller and Jeannette Miller is GRANTED IN PART AND DENIED IN PART.  To the extent Jeannette Miller claims that the reason she did not complain about Ornelas' alleged harassing conduct is because she feared that her City contracts would be affected, defendants will be permitted to rebut with evidence showing that she was assertive in making complaints and negotiating City contracts.  However, defendants will not be permitted to introduce evidence that the Millers engaged in allegedly fraudulent conduct in connection with the Rainbow Children's Theater (also referred to in the parties' papers as the Rainbow Theater).  Fed.R.Evid. 402.

3.   Plaintiffs' Motion to Exclude Evidence that the City or Ornelas Did Not Sexually Harass Other Women is GRANTED.  Fed.R.Evid. 402.  Nevertheless, defendants will be permitted to call a total of no more than three co-worker witnesses (not including Ornelas and Clay Lee) as to Ornelas' interaction with plaintiffs.

4.   Plaintiffs' Motion to Exclude Evidence Concerning Plaintiffs' Sexual Behavior in the Workplace with Co-Workers is GRANTED.  Defendants shall not be permitted to introduce evidence of plaintiffs' conduct – i.e., hugging, telling sexual jokes, making sexual comments, discussing sexually explicit music lyrics, etc. – with co-workers.  Fed.R.Evid. 402, 403, 412.

5.   Plaintiffs' Motion to Exclude Evidence Concerning Plaintiffs' Sexual or Personal History is GRANTED IN PART AND DENIED IN PART.  Defendants shall not be permitted to introduce evidence concerning plaintiffs' "sexual history."  Fed.R.Evid. 412.  In any event, defendants represent that they do not intend to introduce such evidence at trial.  However, defendants will be

2

permitted to introduce evidence of plaintiffs' "personal history" showing other possible reasons for their claimed emotional distress.

6. Plaintiffs' Motion to Exclude Evidence Concerning Collateral Benefits Received By Plaintiffs is GRANTED IN PART AND DENIED IN PART. The only apparent plaintiff that is at issue in this motion is Lisa Borges. Under the collateral source rule in California, "'if an injured party receives some compensation for his injuries from a source wholly independent of the tortfeasor, such payment should not be deducted from the damages which the plaintiff would otherwise collect from the tortfeasor.'" *In Re Air Crash Disaster Near Cerritos, California on August 31, 1986*, 982 F.2d 1271, 1277 (9th Cir. 1992) (*quoting Helfend v. Southern California Rapid Transit Dist.*, 2 Cal.3d 1, 6, 84 Cal. Rptr. 173, 175 (1970)). Defendants will not be permitted to introduce evidence of amounts Borges received through Workers Compensation to reduce the amount of damages she might otherwise be entitled to recover from defendants.

However, to the extent Borges is claiming that defendants did not respond to or remedy her complaints of sex harassment (and alleged emotional distress due to that harassment), then defendants will be permitted to introduce evidence showing that they responded promptly when Borges complained. Defendants will also be permitted to introduce evidence showing that Borges was on leave from work for reasons other than claimed distress allegedly due to Ornelas' conduct.

7. Plaintiffs' Motion to Exclude Evidence that Plaintiffs Touched Co-Workers Improperly, Used Profanity, Or Made Discourteous Comments to Coworkers is GRANTED. Such evidence is irrelevant; and even if it was relevant, any probative value is outweighed by its prejudicial effect. Fed.R.Evid. 402, 403.

8. Defendants' Motion in Limine No. 2 to Exclude Testimony Regarding Allegations of Misconduct By Defendant Robert Ornelas Against Nonparties is DENIED, subject, however, to plaintiffs' foundational offer of proof. Such evidence is not relevant to show that Ornelas engaged in similar conduct with plaintiffs, but it is relevant to support plaintiffs' claims that they perceived the work environment to be hostile. *Beyda v. City of Los Angeles*, 65 Cal. App. 4th 511, 519, 76 Cal.Rptr.2d 547, 551 (1998). Nevertheless, before offering evidence of specific acts against non-parties, plaintiffs shall establish that they witnessed the acts or that they knew of them during the time

3

1  they were – allegedly – being subjected to a hostile working environment. *Id*. To the extent they can
2  lay a proper foundation, plaintiffs will be permitted to call a total of no more than three co-worker
3  witnesses to testify about Ornelas' alleged conduct with non-parties in the workplace. (Of course,
4  these co-workers may also testify as to observed interactions between Ornelas and the plaintiffs).

5        9.     Defendants' Motion in Limine No. 3 to Exclude Testimony Regarding Allegations of
6  Misconduct By Defendant Robert Ornelas Against Former Plaintiffs Ashley Miller, Aubrey Miller and
7  Yolanda Meza is DENIED for the same reasons stated in connection with defendants' Motion in
8  Limine No. 2 (above), subject to plaintiffs' foundational offer of proof. Any of these witnesses whom
9  plaintiffs choose to call at trial will count for purposes of the three-witness limit discussed above.

10       10.     Defendants' Motion in Limine No. 5 to Exclude Testimony Regarding Alleged
11 Preferential Treatment of Tina Garza is GRANTED. On summary judgment, this court found that
12 plaintiffs failed to present sufficient evidence that any preferential treatment was given to her. (*See*
13 March 14, 2005 Order Granting in Part and Denying in Part Defendants' Motion for Summary
14 Judgment ("MSJ Order") at 11:24-25). Plaintiffs will not be permitted to introduce evidence of
15 alleged preferential treatment given to Garza, and specifically, any evidence that Garza was:

16 • paid at an artificially high rate;
17 • paid for hours she did not work;
18 • permitted to routinely attend to personal matters at work;
19 • permitted to use city property for personal use;
20 • permitted to be late to work-related events or to skip them entirely; and
21 • permitted to consume alcohol during work-related activities.

22 This ruling should not be construed as limiting plaintiffs' ability to introduce evidence of Ornelas'
23 alleged sexual conduct with Garza in the workplace.

24       11.     Defendants' Motion in Limine No. 6 to Prohibit Irrelevant Testimony Regarding Tina
25 Garza, Brandi Grissom or Other Non-Parties is GRANTED IN PART AND DENIED IN PART. It
26 is true that in granting defendants' summary judgment motion as to (former) plaintiff Christina Castillo's
27 claims, this court concluded that her allegations (including those about Grissom's clothing) were
28 insufficient to establish a hostile work environment as a matter of law. However, this court did not

4

1  issue a wholesale ruling as to plaintiffs' allegations concerning the clothing choices of other employees
2  such as Tina Garza and Brandi Grissom.

3  Nonetheless, plaintiffs will not be permitted to introduce any evidence as to Garza's male
4  companions or the way in which she chooses to raise her child. Such evidence is irrelevant.
5  Fed.R.Evid. 402.

6  12. Defendants' Motion in Limine No. 7 to Exclude Testimony Regarding Alleged
7  Preferential Treatment of Gabriella Ledesma is GRANTED. On summary judgment, this court
8  concluded that Jeannette Miller "failed to raise a genuine issue of material fact demonstrating that this
9  discrete act is sufficiently similar in kind to her other allegations." (MSJ Order at 29:23-24).
10 Accordingly, plaintiffs (and specifically, plaintiff Jeannette Miller) will not be permitted to introduce any
11 evidence that Gabriella Ledesma was given preferential treatment.

12 13. Defendants' Motion in Limine No. 8 to Prohibit Accusations by Lisa Borges Against
13 Clay Lee is DENIED. Whether or not Mr. Lee was having an extra-marital affair is irrelevant.
14 Nonetheless, to the extent Ms. Borges' stated perception is the reason she says that she did not
15 complain about the alleged harassment, she will be permitted to give her explanation. Defendants will
16 have an opportunity on cross-examination to show that Borges' accusation is speculative, lacks
17 foundation, or is otherwise unfounded.

18 14. Defendants' Motion in Limine No. 12 to Prohibit Any Evidence or Testimony By Any
19 Lay Witness Regarding the Cause of Any Emotional Distress is DENIED. Plaintiffs need not present
20 "objective" evidence in support of a claim for emotional distress, and the testimony of lay witnesses
21 may be sufficient to support an award of such damages. *See, e.g.,Passantino v. Johnson & Johnson*
22 *Consumer Prods., Inc.*, 212 F.3d 493, 513-14 (9th Cir. 2000) (observing that Ninth Circuit and
23 U.S. Supreme Court case law does not require that emotional distress damages be supported by
24 objective evidence, and concluding that plaintiff's claims of emotional distress were supported by her
25 own testimony and that of her husband and sister); *see also, e.g., Iwekaogwu v. City of Los* Angeles,
26 75 Cal. App.4th 803, 812, 821, 89 Cal. Rptr.2d 505, 512, 518-19 (2000) (concluding that plaintiff's
27 emotional distress damages were supported by his testimony and that of his wife).
28

5

15. Defendants' Motion in Limine No. 13 to Prohibit Any Evidence or Testimony Alleging Failure to Investigate Complaints or Take Reasonable Steps Necessary to Prevent Discrimination is DENIED. The Second Amended Complaint does allege that "[d]efendants had actual knowledge of the intolerable conditions caused by the acts of harassment alleged above, but failed to take any steps to end those conditions." (Second Amended Complaint, ¶ 109). Even assuming that plaintiffs should have specifically pled defendants' alleged failure to act in their administrative complaints, the Second Amended Complaint encompasses conduct which is like or reasonably related to the administrative charge for sex harassment, or which could reasonably be expected to grow out of the charge of sex harassment. *See Rodriguez v. Airborne Express*, 265 F.3d 890, 897 (9th Cir. 2001) (stating that the "standard is met where the allegations in the civil suit are within the scope of the administrative investigation 'which can reasonably be expected to grow out of the charge or discrimination'") (quoting *Sandhu v. Lockheed Missiles & Space Co.*, 26 Cal. App.4th 846, 31 Cal. Rptr.2d 617 (1994)); *see also Okoli v. Lockheed Technical Operations Co.*, 36 Cal. App.4th 1607, 1614, 43 Cal.Rptr.2d 57, 61 (1995) ("'[w]hen an employee seeks judicial relief for incidents not listed in his original charge to the [EEOC], the judicial complaint nevertheless may encompass any discrimination *like or reasonably related* to the allegations of the EEOC charge . . ..'") (quoting *Oubichon v. North American Rockwell Corp.*, 482 F.2d 569, 571 (9th Cir. 1973)).

16. Defendants' Motion in Limine No. 14 to Prohibit Any Evidence or Testimony By Ronald Miller or Any Witness that Robert Ornelas is a Child Molester is GRANTED. Mr. Miller's (or any other witness') opinion that Ornelas is a "child molester" is irrelevant and unduly prejudicial. Fed.R.Evid. 402.

17. Defendants' Motion in Limine No. 15 to Prohibit Use By Any Non-Expert Witness of the Terms "Sexual Harassment" or "Discrimination" is DENIED. The "labels" a witness puts on conduct are not nearly as significant as the description of the conduct itself. "Harassment" and "discrimination" are words in general usage, and a witness should be able to use them in testimony.

Dated: August 24, 2005

/s/ Howard R. Lloyd
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

6

1  03-cv-5670 Notice will be electronically mailed to:

2  Susan K. Blitch     sblitch@hurleylaw.com

3  Vincent P. Hurley      vhurley@hurleylaw.com, gforese@hurleylaw.com

4  William L Marder     bill@paxton-obrien.com

5  Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.